## In re LYNCH.

(District Court, S. D. Georgia. March 15, 1900.)

1. BANKRUPTCY—HOMESTEAD EXEMPTION—VALUE.

Where a bankrupt claimed the property on which he resided as exempt under the state law allowing a homestead of the value of $1,600, but it was alleged that the property was worth more than that amount, and responsible parties offered to bid larger sums for it, *held*, that the property should be offered at public sale by the trustee, after due advertisement, and knocked down to the bankrupt at a bid of $1,600, if no better offer was made, but, if the property brought more than that amount, the bankrupt should receive $1,600 in money out of the proceeds, as his exemption.

2. SAME—SETTING APART EXEMPTION—STATE LAW.

While the value or amount of the exemption to be allowed to a bankrupt depends upon the law of the state of his domicile, the method of ascertaining the value of property claimed as exempt, or of setting apart the property, is not governed by such law, but by the bankruptcy law.

In Bankruptcy. On review of decision of referee in bankruptcy.

SPEER, District Judge. The question for decision arises from the controversy following: The bankrupt, W. H. Lynch, desired the trustee to set apart his residence lot in the city of Augusta as an exemption. The trustee declined to do so, upon the ground that it is worth much more than $1,600,—the amount of the exemption allowed by the law of the state. The referee sustained the action of the trustee, after hearing much testimony offered for and against the applicant, and exceptions were made to his finding. The evidence is strongly conflicting as to the value of the premises. The witnesses on either hand are apparently equally credible. In the presence of the conflict, the court is not able to hold, as requested by the counsel for the bankrupt, that the referee's finding was er-

roneous. Besides, there are several bona fide offers by responsible bidders to pay at least $2,500 for the property. A practical method, then, for the determination of this dispute, is to order the property in question sold, and the trustee to set apart to the bankrupt $1,600 of the proceeds. This, it is said, will be in conflict with the theory of the homestead law of the state, which does not, it is insisted, comprehend a sale, as one of the methods of ascertaining the value of property sought to be exempted. It is true, however, that the bankruptcy exemption is not in all respects like the homestead exemption of the state. In value, and seemingly in that alone, it is the same. It need not be invested by the court. It is delivered to the bankrupt himself. It is not liable for his proper indebtedness, even though he should cease to be the head of a family. It seems merely a bonus to him to enable him to start anew in his business ventures. Its value and amount, then, are the only matters with which the court is concerned. To ascertain this value in the case before the court, it will be directed that the premises in question be sold, and the trustee is authorized to accept the bankrupt's bid of $1,600, and set apart the lot to him as his homestead, provided there is no higher bid. In any event, he will receive the value of his exemption from the proceeds of the sale. The order must provide for a public sale, with not less than 10 days' full advertisement, so that all parties at interest may have ample notice.