In re Richard Kiyoshi YAMAMOTO and Larraine Leiko Yamamoto, Debtors.

Richard Kiyoshi YAMAMOTO and Larraine Leiko Yamamoto, Plaintiffs,

v.

CITY BANK OF HONOLULU, aka City Bank, Defendant.

Bankruptcy No. 81–0043.

United States Bankruptcy Court, D. Hawaii.

March 8, 1982.

Ralph E. Corey, Honolulu, Hawaii, for debtors.

S. Raymond Okuma, Honolulu, Hawaii, for City Bank of Honolulu.

MEMORANDUM OF DECISION DENYING MOTION FOR SUMMARY JUDGMENT

JON J. CHINEN, Bankruptcy Judge.

On June 2, 1981, Richard K. and Larraine L. Yamamoto, hereafter "Debtors", filed a Motion for Summary Judgment. A hearing was held on September 11, 1981, at which time Ralph E. Corey appeared on behalf of the Debtors and S. Raymond Okuma appeared on behalf of City Bank of Honolulu, hereafter "City Bank".

At the hearing, the Court ruled that the garnisheed wages of the Debtors are not voidable preferences under 11 U.S.C. § 547(b). The sole issue now before the Court is whether or not the Debtors may set aside the garnishee order under 11 U.S.C. § 522(f)(1), based on the facts agreed upon by counsel.

Briefly, the facts are as follows: On January 26, 1980, City Bank obtained a judgment against Debtors on a defaulted promissory note in the sum of $3,087.83. On March 1, 1980, Debtor Richard Yamamoto was duly served with an Immediate Post-Seizure Notice to All Judgment Debtors, which gave notice of Debtors' right to relief from the seizure of property. Debtors took no action and on March 10, 1980, City Bank sent to Debtor's employer, 7–Eleven Food Store, hereafter "Garnishee", a Garnishee Order After Judgment. Thereafter, between September 26, 1980 and January 1, 1981, Garnishee made deductions and paid City Bank the amount of $652.29. On December 24, 1980, Debtor filed a Chapter 7 bankruptcy petition.

Debtors assert that the garnishment order amounts to a judicial lien which can be avoided under 11 U.S.C. § 522(f). This section provides as follows:

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien; . . .

Initially the Court finds that the fact that Debtors did not claim the garnished wages as an exemption is irrelevant to the application of section 522(f). Under this section the debtor may avoid the fixing of a judicial lien to the extent that the lien impairs an exemption to which the debtor is entitled to exempt. Thus, actual exemption is unnecessary.

In *Woodman v. L. A. Olson Co., Inc. (In re Woodman)*, 8 B.R. 686 (Bkrtcy.W.D.Wis. 1981), the court stated:

> The debtor has suggested that because the lien created by service of the garnishee summons is in the nature of a judicial lien which would be voidable if in existence on the date of the order for relief in this case by operation of 11 U.S.C. § 522(f)(1), it should be deemed ineffective as a transfer. We find no merit to this contention and no basis in reason or legislative history for giving the lien avoidance provisions of 11 U.S.C. § 522(f)(1) such retrospective effect.
>
> On May 5 and May 21 when the garnishment summons and complaints were served, Olson acquired a perfected lien and the employer became liable to Olson. The employer thereby parted with "an interest in property of the debtor." Those transfers were more than ninety days prior to the debtor's order for relief in Bankruptcy on August 25, 1980. *Id.* at 688.

Under Hawaii Revised Statutes § 652–2, the Court finds that following the service of the garnishee summons after judgment and the garnishee order, City Bank had perfected its lien and the garnishee became liable to pay City Bank. In effect the employer thereby parted with "an interest in property of the debtor".

Under section 522(f), the Debtors may avoid the fixing of a lien only on a property in which they have an interest. Once the garnishee lien was perfected, Debtors no longer had a legal interest in the garnished wages. Debtors may have had an equitable interest in the garnisheed wages, but proper steps to preserve that interest were not taken. Therefore, Debtors had no legal or equitable interest in the garnisheed wages and thus, no "interest in property" to which a judicial lien could attach under section 522(f).

Based on the foregoing,

IT IS HEREBY ORDERED that the Debtors' Motion for Summary Judgment is denied and judgment is in favor of City Bank.