66172. WALLIS v. CLERK, SUPERIOR COURT OF DeKALB COUNTY.

QUILLIAN, Presiding Judge.

This is an appeal from a grant of summary judgment.

In September 1979 plaintiff-appellant Wallis purchased a house and lot, receiving a warranty deed from the prior owner and executing a deed to secure debt and purchase money note to Home Federal Savings and Loan Association of Atlanta. The deeds were sent by the closing attorney to defendant-appellee Clerk of the Superior Court for recording. The two deeds were apparently received by appellee's office, processed through the tax commissioner's office for payment of the intangible tax, and sent back to appellee. The deeds were never recorded and have not been seen since, with conflicting evidence as to what happened to them. On June 2, 1981, the closing attorney filed an affidavit with appellee concerning the facts of the conveyances, including a copy of the deed to secure debt, which was duly recorded. On July 23, 1981 appellant filed for bankruptcy, claiming a homestead exemption on the property. Because appellee's records showed that the deed to secure debt on the property had not been filed more than 90 days before the bankruptcy petition was filed, the trustee in bankruptcy commenced an action in bankruptcy court against Home Federal to have the property declared an unsecured asset. This action was eventually settled and dismissed with the court authorizing the trustee to sell the property subject to Home Federal's security interest, with the proceeds to go to the benefit of the bankrupt's estate and to appellant for his claimed homestead exemption. Apparently because the property was vacant and had

been vandalized, the trustee was unable to sell the property for more than Home Federal's security interest, and abandoned his claim against the property. Appellant, having received nothing for his claimed homestead exemption, commenced this action against appellee for the amount of his homestead exemption, alleging that the loss thereof was because appellee had failed to record the deeds. The trial court granted appellee summary judgment. *Held:*

The failure to record the deed to secure debt did not result in the loss of appellant's homestead exemption. The bankruptcy court, upon the agreement of the trustee and Home Federal, recognized Home Federal's security interest just as if the security deed had been timely recorded and authorized the trustee to sell the property subject to that interest, with the proceeds to go to satisfy appellant's homestead exemption and the remainder to the estate in bankruptcy. The reason appellant did not obtain his homestead exemption was not because the deeds were not recorded but because the trustee was unable to sell the property for more than Home Federal's interest and thus abandoned the claim.

A bankrupt is entitled to claim a homestead exemption only from his "aggregate interest" in real property. OCGA § 44-13-100(a) (Code Ann. § 51-1301.1). This means that "only the unencumbered portion of the property is to be counted in computing the 'value' of the property for the purposes of determining the exemption." 9 AmJur2d 526, Bankruptcy, § 315. Appellant had no aggregate interest in the property against which to assert his claimed homestead exemption. It follows, therefore, that appellant had no claim upon which relief could be granted and appellee was entitled to summary judgment as a matter of law. OCGA §§ 9-11-12 (b) and 56 (c) (Code Ann. §§ 81A-112, 81A-156).

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED MAY 27, 1983.

*S. Lee Storesund,* for appellant.
*George P. Dillard, Patricia G. Dunleavy,* for appellee.