**In re David L. VAUGHT, Aletha A. Vaught, Debtors.**

**Bankruptcy No. 83–01207.**

United States Bankruptcy Court, D. Idaho.

Jan. 27, 1984.

Edwin G. Schiller of Schiller & Schiller, Ctd., Nampa, Idaho, for debtors.

Robert G. Hamlin, Michael J. Read of Hamlin & Sasser, Boise, Idaho, for trustee.

## MEMORANDUM DECISION AND ORDER

M.S. YOUNG, Bankruptcy Judge.

This matter is before the Court upon trustee's objection to debtors' claimed exemption of $500.00 on a motor vehicle under I.C. 11–605. The exemption was claimed by debtors by way of an amended schedule B–4 filed on November 14, 1983.

Trustee objects on the ground that the amendment was filed more than 45 days after the filing of the petition for relief. The objection is based upon a reading of Bankruptcy Rule 4003(a) which states:

"(a) *Claim of Exemptions.* A debtor shall list the property claimed as exempt under § 522 of the Code on the schedule of assets required to be filed by Rule 1007. If the debtor fails to claim exemptions or file the schedule within the time specified in Rule 1007, a dependent of the debtor may file the list within 30 days thereafter."

Rule 1007(c) requires the schedules and statements of affairs to be filed within 15 days of the filing of the petition for relief. Trustee thus calculates a 45 period within which the claimed exemptions must be filed by either debtor or his dependents. Trustee reads into this rule the unspoken conclusion that a claim of exempt property made later than 45 after filing should be barred.

Debtors rely on Bankruptcy Rule 1009 which provides that an amendment may be made "as a matter of course at any time before the case is closed." I conclude that this express right overcomes any implied limitation arising under Rule 4003(a). In part, I so conclude since this was the nature of precedent under the Act, and under the Code prior to the promulgation of the new Rules. An amendment of claimed exemptions has generally been allowed unless delay in doing so caused prejudice, such as in the case where the subject property had been sold by trustee prior to the time of amendment.

More importantly, I feel this result is contemplated under the Rules. The Advisory Committee Note to Rule 4003(a) indicates that the requirement of filing claim of exemptions with the schedules and within the Rule 1007 time period is designed to clarify the fact that § 522(*l*) speaks of the *separate* filing of a "list." [1] And, further, Rule 4003(b) recognizes the possibility of amendment:

> "(b) *Objections to Claim of Exemptions.* The trustee or any creditor may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditor held pursuant to Rule 2003(a) *or the filing of any amendment to the list* unless, within such period, further time is granted by the Court. Copies of the objections shall be delivered or mailed to the trustee and to the person filing the list and his attorney." [Emphasis supplied].

Trustee, under Rule 4003(b), has 30 days from the date of amendment to object to the propriety of a claimed exemption. I note also the comment of the Advisory Committee to Rule 1009 which allows amendments as a matter of right until closing of the case:

> "This rule continues the permissive approach adopted by Former Bankruptcy Rule 110 to amendments of voluntary petitions and accompanying papers. Notice of any amendment is required to be given to the trustee. *This is particularly important with respect to any amendment of the schedule of property affecting debtor's claim of exemptions....*" [Emphasis supplied].

The intended operation of the Rules appears clear, and appears to effect no change in prior practice.

Based upon the foregoing, trustee's objection to debtors' amended claim of exemption is denied.

IT IS SO ORDERED.

1. The Advisory Committee Note states:

"*Subdivision (a).* While § 522(1) refers to a list of property claimed as exempt, the rule incorporates such a list as part of Official Form No. 6, the schedule of the debtor's assets, rather than requiring a separate list and filing. Rule 1007, to which subdivision (a) refers, requires that schedule to be filed within 15 days after the order for relief, unless the court extends the time."