CORRECTED OPINION
KRAVITCH, Circuit Judge:
The court granted en banc consideration of this bankruptcy case to consider whether the Georgia exemption statute, O.C.G.A. § 44-13-100(a)(6), effectively overrode ap-pellees’ right under section 522(f) of the Bankruptcy Code to avoid nonpossessory, nonpurchase-money security interests held by appellant. The bankruptcy court and the district court ruled in favor of the debtors. The panel affirmed the district court, 760 F.2d 1252 (1985) relying on the prior decision of this court, In re Hall, 752 F.2d 582 (11th Cir.1985). The appellant asks the court to overrule Hall. We decline to do so.
The relevant facts are brief. In 1981, appellees Andrew and Sonia Bland executed loans with Finance One, and contemporaneously granted Finance One a non-possessory, nonpurchase-money security interest in their household goods and furniture. In 1982, the Blands filed a Chapter 13 bankruptcy petition. They filed a complaint to avoid Finance One’s security interest in their household goods and furniture under 11 U.S.C. § 522(f). The amount of the Blands’ outstanding debt to Finance One exceeds the value of the encumbered property. The bankruptcy court granted summary judgment for the debtors.
The avoidance provision on which the Blands rely is available only to avoid a lien “to the extent that such lien impairs an exemption to which the debtor would have been entitled.” 11 U.S.C. § 522(f). The appellant contends that because the amount of the Blands’ obligation exceeds the value of the encumbered property, the Blands are not entitled to any exemption, and therefore cannot avoid the liens under section 522(f).
Upon the filing of a petition in bankruptcy, the property of the debtor becomes property of the bankruptcy estate. 11 U.S.C. § 541(a). Our bankruptcy laws historically have allowed the bankrupt to exempt certain items from the estate. The purpose of the exemptions is to provide the debtor with “the basic necessities of life” and ensure that “the debtor will not be left destitute and a public charge.” H.R.Rep. No. 595, 95th Cong., 2d Sess. 126, reprinted in 1978 U.S.Code Cong. & Ad.News 5787, 5963, 6089. Before Congress adopted the new Bankruptcy Code, state laws defined what property was exempt, id.; because those laws had become outmoded, Congress adopted a federal list of exemptions, 11 U.S.C. § 522(d). Congress, however, allowed states to opt out of the federal exemptions and set forth their own exemptions, 11 U.S.C. § 522(b).
The fact that property may qualify for exempt status does not aid the debtor if the property is encumbered by a valid lien. Creditors holding liens valid in bankruptcy may enforce them against exempt property. 11 U.S.C. § 522(c)(2). The debtor may, however, avoid certain liens under section 522(f). Section 522(f)(2) allows the debtor to avoid a lien only to the extent the lien impairs an exemption. Section 522(f) provides:
Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor *1174 would have been entitled under subsection (b) of this section, if such lien is
(1) a judicial lien; or
(2) a nonpossessory, nonpurchase-mon-ey security interest in any—
(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;
(B) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor; or
(C) professionally prescribed health aids for the debtor or a dependent of the debtor.
Georgia has elected to exercise its right under the Bankruptcy Code to set forth its own list of exemptions. O.C.G.A. § 44-13-100(b). The exemption at issue in this case is for personal, family and household goods. Both the federal exemptions and the Georgia exemptions are set forth in the margin.[1] The Georgia exemption is identical to the federal statute, except that it places a $3500 cap on the total value of goods the debtor may exempt. Compare 11 U.S.C. § 522(d)(3) with O.C.G.A. § 44-13-100(a)(4).
Appellant claims that the Georgia legislature has defined the exemptions in a manner which precludes debtors from avoiding liens under section 522(f). It notes that only the “debtor’s interest” is exempt, and argues that a debtor has no “interest” in encumbered property. Georgia law, it concludes, therefore forbids a debtor to exempt encumbered property. Accepting this proposition, the liens in this case would not impair any exemptions to which the Blands would be entitled under section 522(b), and they therefore could not utilize section 522(f) to avoid the liens. Under the appellant’s argument, Georgia would have opted out not only of section 522(d), but section 522(f) as well.
This court has had significant experience with Georgia’s exemption statute. In In re Maddox, 713 F.2d 1526 (11th Cir.1983), the panel adopted the opinion of the district court, which held that the Georgia exemptions were not intended to opt out of section 522(f). In In re Hall, 752 F.2d 582 (11th Cir.1985), the appellant contended that a recent Georgia case, Wallis v. Clerk, Superior Court DeKalb County, 166 Ga.App. 775, 305 S.E.2d 639 (1983), indicated that Maddox had been incorrectly decided. The panel in Hall accepted without discussion the contention that the Georgia statute was an attempt to opt out of section 522(f), 752 F.2d at 586, but decided that under the Bankruptcy Code, Georgia had no authority to do so. Id. at 588.[2]
After reconsidering this question en banc, it appears that the Hall panel moved too quickly to the question of whether a state can opt out of section 522(f). We find that the decision of the Georgia Court of Appeals in Wallis in no way undermines the conclusion of the panel in Maddox that Georgia did not intend to opt out of section 522(f).
The plaintiff in Wallis had purchased a home with funds obtained through a purchase money note. The county clerk failed to record the deed. The plaintiff later filed for bankruptcy. Unable to sell the house for an amount greater than the amount
*1175 still owed on the note, the bankruptcy trustee abandoned any claim to the house. The plaintiff then sued the county clerk contending that he had lost his homestead exemption because the clerk had failed to record the deed. The court, however, held that plaintiff lost his homestead exemption because the house was worth less than the outstanding debt, not because of the unrecorded deed. The Georgia homestead exemption allows the bankrupt to claim an exemption only in his “aggregate interest.” O.C.G.A. § 44-13-100(a)(l). The Wallis court ruled that only the unencumbered portion of the property is counted in computing the value of the bankrupt’s interest in the property;[3] because the debtor’s obligation exceeded the value of the home, he had no interest in the home and therefore no exemption was available.
Wallis is irrelevant to the issue before us because it involved a purchase money security interest. Section 522(f) allows the debtor to avoid “a nonpossessory, nonpur-chase-money security interest”; it is thus unavailable to a debtor such as Wallis, whose exempt property was encumbered by purchase money liens.[4] Because Wallis could not have avoided the liens on his house, he indeed had no “interest” to exempt. By contrast, in the Blands’ case, appellant’s security interest is not a purchase money interest and the Blands therefore had an “interest” in the property. Accordingly, section 522(f) was available to set aside the lien, and once the lien has been set aside the property is no longer encumbered; hence the exemption, as set forth in Georgia law, is available.
The language of the Georgia exemption statute fully supports our holding. The Georgia exemptions contained in O.C.G.A. § 44-13-100(a) are worded identically to the federal exemptions in section 522(d); the only difference is in the amounts of the exemptions. Both statutes refer to the “debtor’s interest.” Obviously, the federal exemptions can be utilized after avoiding liens under section 522(f). If Georgia intended a result different from the federal scheme, it would not have enacted a statute with the precise wording of the federal statute. We therefore reject appellant’s proposition that a Georgia debtor has no “interest” in property encumbered by a nonpossessory, nonpurchase-money security interest.
The Louisiana exemptions, upheld by the new Fifth Circuit in Matter of McManus, 681 F.2d 353 (5th Cir.1982), illustrate a legislative attempt to override section 522(f); the Louisiana statute specifically states that “a person who has granted a chattel mortgage on his property ... may not thereafter claim an exemption from the seizure of such mortgaged property.” 681 F.2d at 356. The Louisiana exemptions, unlike the Georgia exemptions, specifically define exempt property in a way that excludes mortgaged goods.[5]
Because the Wallis case involved a purchase money mortgage, it simply is not relevant to the meaning of section 522(f), which allows avoidance only of nonpur-chase-money security interests. We conclude that the Georgia exemptions, which directly track the federal ones, were not intended to override the lien avoidance provisions of section 522(f). Accordingly, we *1176 need not give en banc consideration to the question of whether a state may override the provisions of section 522(f).[6]
The decision of the district court is AFFIRMED.

. 11 U.S.C. § 522(d)(3) provides:
(3) The debtor’s interest, not to exceed $200 in value in any particular item, in household furnishings, household goods, wearing apparel, appliances, books, animals, crops, or musical instruments, that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor. O.C.G.A. § 44-13-100(a)(4) provides:
(4) The debtor’s interest, not to exceed $200.00 in value in any particular item, in household furnishings, household goods, wearing apparel, appliances, books, animals, crops, or musical instruments that tire held primarily for the personal, family, or household use of the debtor or a dependent of the debtor. The exemption of the debtor's interest in the items contained in this paragraph shall not exceed $3,500.00 in total value....

. The Georgia exemption statute has also been interpreted by the Sixth Circuit. In re Pine, 717 F.2d 281, 283 (6th Cir.1983). For the reasons discussed below, we do not agree with Pine.

. We note that the authority relied upon by the court in Wallis was 9 Am.Jur.2d 526, Bankruptcy § 315, a discussion of the federal Bankruptcy Code. The quoted passage states that "only the unencumbered portion of the property is to be counted in computing the ‘value’ of the property for the purposes of determining the exemption.” Id. The entry also states "[h]owever, as discussed elsewhere, some liens on exempt property may be set aside," id., and refers the reader to its discussion of section 522(f). It seems clear, therefore, that the discussion of Georgia’s exemption in Wallis does not undermine section 522(f).

. Moreover, section 522(f)(2) is inapplicable to liens on real property.

. The panel in McManus, over Judge Dyer’s dissent, concluded that the lien-avoidance provision in § 522(f) was unavailable to the debtor. The panel in Hall concluded that the state exemptions could not abrogate the debtor's rights under § 522(f). As we state below, because of the differences between the Georgia statute and the Louisiana statute, we need not consider whether a state may opt out of § 522(f).

. Appellant also contends that the lien-avoid-anee provision is inapplicable in Chapter 13 proceedings. This contention was addressed and rejected in In re Hall, 752 F.2d 582, 588-90, and does not merit further consideration,