HILL, Circuit Judge,
concurring dubitante:
I concur in the opinion prepared by Judge Kravitch which has attracted the approval of the full court. I do so with some reservations, however, that I feel appropriate to express.
The court’s opinion pretermits a perceived question of whether or not a state may “override the provisions of section 522(f).” Ante, maj. op. at 1176. I doubt that any such issue ever could be presented in a case of this sort. The congressional scheme is forthright and clear. The federal lien avoidance provision allows a debtor in bankruptcy to avoid the fixing of certain specified liens only “to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section.” 11 U.S.C. § 522(f). Subsection (b) in turn allows a state to “opt out” of the federal list of exemptions provided in 11 U.S.C. § 522(d), in which case the only way to determine whether or not the debtor may avail himself of the lien avoidance provision is to consult state law. Federal law places no limits on the generosity or lack thereof with which states may define such exemptions. Georgia has opted out of section 522(d) by establishing its own list of exemptions. See O.C.G.A. § 44-13-100(b). Georgia could, if it wished, provide for no exemption at all on personal, family and household goods. That would not override the provisions of section 522(f). The result would be merely that a judicial or nonpos-sessory, nonpurchase-money lien on the interest of the debtor in such property could not be avoided pursuant to section 522(f) because, under that section, such liens may be avoided only if the state provides an exemption for the property they concern.
I am persuaded, therefore, that the only real issue in this case — the extent of the household goods exemption provided by Georgia law — is purely a question of interpretation of that state’s law. The court’s opinion undertakes to decide this question of state law. It may well be that, as our opinion indicates, the recent decision in Wallis v. Clerk Superior Court DeKalb County, 166 Ga.App. 775, 305 S.E.2d 639 (1983), can be distinguished from this case. If so, there is no authoritative interpretation of the applicable Georgia law by any appellate court of the state. Further, Wallis is, at the very least, a strong indication that we have decided the state law issue incorrectly. Both because of the absence of a controlling state decision and the existence of a state case rendering our resolution of the issue doubtful, this Georgia statute ought to be interpreted for us by the Supreme Court of that state. That court has graciously consented to our certifying questions of state law to it. I should rather we had availed ourselves of that opportunity.
I concur, confident that should the issue be resolved in the future by the highest court of Georgia, we would accept that resolution and apply it in future cases even should the state court’s resolution be contrary to our decision today. But see Seaboard Coast Line R. Co. v. Union Camp Corp., 613 F.2d 604 (5th Cir.), cert. denied, 449 U.S. 835, 101 S.Ct. 107, 66 L.Ed.2d 41 (1980).