# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

—————

No. 03-6046EM

—————

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Buck Green, | * | |
| | * | |
| Debtor. | * | |
| | * | |
| | * | |
| Buck Green, | * | |
| | * | Appeal from the United |
| Debtor - Appellant. | * | States Bankruptcy Court |
| | * | for the Eastern District of |
| v. | * | Missouri |
| | * | |
| GMAC Mortgage Corporation, | * | |
| | * | |
| Creditor - Appellee. | * | |
| | * | |
| | * | |
| | * | |

—————

Submitted: September 25, 2003
Filed: October 9, 2003

—————

Before DREHER, MAHONEY, and VENTERS, Bankruptcy Judges.

—————

DREHER, Bankruptcy Judge.

This is an appeal from an order of the bankruptcy court [1] dated July 3, 2003, which denied the Appellant's motion to avoid a lien.  For the reasons stated below, we affirm.

## FACTS and PROCEDURAL HISTORY

The Appellant, Buck Green ("Green"), sought to avoid the consensual lien of GMAC Mortgage Corp. Home Equity, dated May 25, 2000, based upon 11 U.S.C. § 522(f) which provides, in part, that a debtor may avoid the fixing of either a judicial lien or a nonpossessory,  nonpurchase-money security interest in personal property. *See* 11 U.S.C. §§ 522(f)(1) and (f)(2).  At the hearing, Green did not allege or present evidence that the mortgage of GMAC was a judicial lien, but only alleged that the lien was a nonpossessory, nonpurchase-money mortgage. The bankruptcy court determined that GMAC's consensual mortgage did not fit the statutory definition of an avoidable nonpossessory, nonpurchase-money security interest and denied Green's motion to avoid the lien.

## DECISION

Since this appeal raises only legal issues, we review the bankruptcy court's interpretation of the statute de novo. *See* <u>Kolich v. Antioch Laurel Veterinary Hosp. (In re Kolich)</u>, 273 B.R. 199, 201 (8th Cir. 2003). Although in his brief Green raises the issue of the mortgage being a judicial lien, that issue was not raised before the

---

[1] The Honorable James J.  Barta, United States Bankruptcy Judge for the Eastern District of Missouri.

bankruptcy court and we will not address the issue here. *See* First Bank Investors' Trust v. Tarkio Coll., 129 F.3d 471, 476-77 (8th Cir.1997) (requiring factual issues to be considered on appeal to be presented to the bankruptcy court first).

Therefore, the only issue before us is whether the the mortgage secured by Green's residential property constituted an avoidable security interest. The bankruptcy court properly held that it does not. Section 522(f)(1)(B) provides that only a nonpossessory, nonpurchase-money security interest in any of the following may be avoided by the debtor:

> (i) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;
> (ii) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor; or
> (iii) professionally prescribed health aids for the debtor or a dependent of the debtor.

11 U.S.C. § 522(f)(1)(B). Mortgages on real property are not within this description. As the bankruptcy court correctly concluded, since GMAC's lien is not the type that may be avoided under Section 522(f)(1)(B), the formula under section 522(f)(2) does not apply. *See* 11 U.S.C. § 522(f)(2); In re Bland, 793 F.2d 1172, 1175 n.4 (11th Cir.1986). Therefore, the bankruptcy court properly denied Green's motion to avoid GMAC's lien pursuant to 11 U.S.C. § 522(f)(2).

ACCORDINGLY, we AFFIRM.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL
FOR THE EIGHTH CIRCUIT