**In the Matter of Clinton E. REGISTER a/k/a Gene Register and Doris E. Register, Debtors.**

**Clinton E. REGISTER, Doris E. Register, Plaintiffs,**

**v.**

**Robert E. REESE, Trustee, Defendant.**

**Bankruptcy No. 82–02202A.**
**Adv. No. 82–1475A.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Dec. 27, 1983.

Marshall Jaffe, Atlanta, Ga., for debtors.

Dan Germano, Atlanta, Ga., for defendant.

## OPINION

WILLIAM L. NORTON, Jr., Bankruptcy Judge.

Plaintiff-debtors initiated this adversary proceeding to avoid a judgment lien held by defendant. Plaintiff-debtors argue that the judgment lien impairs an exemption on their real property to which they are entitled under Georgia law and, therefore, pursuant to 11 U.S.C. § 522(f)(1) this Court should avoid the lien. This Court has previously found that the language of § 522(f)(1) which permits the debtor to avoid the fixing of a judicial lien must be read in conjunction with state law. *Orsburn v. The Diners Club, Inc. (In re Orsburn)*, 35 B.R. 217 (Bkrtcy.N.D.Ga.1983) (Norton, B.J.). The inquiry is two-fold. The Court must first determine that the debtors are entitled under state law to the exemptions claimed, in the amount claimed. Secondly, the Court must determine whether the defendant's lien impairs the debtor's exemption by applying state law governing priorities of real property interest. *Orsburn, supra.*

## FINDINGS OF FACT

The following facts are not in dispute:

1. On December 15, 1975, the defendant recorded a judgment of $5,699.72 against the debtors which with interest as of September 1, 1982, amounted to $8,159.73.

2. On April 19, 1979, debtors purchased their residence, which has been valued at $60,000.00.

3. Three mortgages on the debtor's property have been recorded:

   (a) On February 7, 1979, Peach State Federal recorded a purchase money mortgage which had an outstanding balance of $35,530.50 as of September 1, 1982;

(b) On May 21, 1979, First Family, Inc. recorded a purchase money mortgage which had an outstanding balance of $3,614.00 as of September 1, 1982;

(c) On June 10, 1981, Dial Finance Company recorded a non-purchase money mortgage which had an outstanding balance of $9,289.35 as of September 1, 1982.

4. On May 7, 1982, debtors filed a joint Chapter 13 petition.

5. The debtors in their bankruptcy petition claimed an exemption of $10,800.00 in their principal residence.

6. On June 14, 1981, debtors filed this complaint to avoid the defendant's judicial lien.

## DISCUSSION

The issue presented is whether defendant's judgment lien impairs an exemption to which the debtors are otherwise entitled. The debtors correctly state that § 522(f)(1) of the Bankruptcy Code gives this Court authority to avoid a judicial lien such as the defendant's when it impairs an exemption to which they are entitled.[1]

### Allowable Exemptions

██ The Court first turns to the Georgia law then in effect, Ga.Code Ann. § 51–1301.1(a)(1) (Harrison, 1981), to discover what exemptions the State of Georgia had provided. Section 51–1301.1(a)(1) permits an individual debtor to exempt up to $5,000.00 in real or personal property. Section 51–1301.1(a)(6) permits an individual an additional $400.00 exemption. Each of the debtors, then, would be entitled to an exemption of $5,400.00 in their real property or a total of $10,800.00 for both. Thus, state law does authorize the exemption the debtors claimed in their real property as well as the amount.

### Lien Impairment of Exemptions

██ This second determination focuses on whether the defendant's judicial lien actually impairs an exemption to which the debtors are entitled. In Georgia, the general rule is that liens are ranked according to date recorded, the oldest having priority. Ga.Code Ann. § 67–1704 (Harrison, 1967). Under this scheme the priority of the liens recorded on debtors' real property would be (1) 1975—defendant's judgment lien; (2) 1979—first and second purchase money mortgages; and (3) 1981—third mortgage non-purchase money. In the instant proceeding an important exception to this general rule exists. A purchase money mortgage is accorded special priority over any lien against the property arising through or against the purchaser. *Protestant Episcopal Church v. Lowe Co.,* 131 Ga. 666, 669, 63 S.E. 136 (1908); *Federal Land Bank v. Lenox,* 192 Ga. 543, 556, 16 S.E.2d 9 (1941); *Hand Trading Co. v. Daniels,* 126 Ga.App. 342, 190 S.E.2d 560 (1972). Thus, although defendant's judgment lien was recorded prior to the first two mortgages recorded against the debtors' residence, because those first two mortgages were purchase money mortgages, they have priority over defendant's prior judgment lien. Because the third mortgage, however, is not a purchase money mortgage, defendant's judgment lien recorded earlier is accorded priority. The instant circumstances, therefore, can be summarized in the following table:

---

1. (f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien.

| (1) | $60,000.00 | Value of debtors' principal residence | |
|---|---|---|---|
| (2) | $39,144.50 | Total of first and second purchase money mortgages | Recorded in 1979 |
| (3) | $20,855.50 | Value of debtors' principal residence remaining unencumbered after subtracting first and second mortgage | |
| (4) | $ 8,159.73 | Defendant's judgment lien | Recorded in 1975 |
| (5) | $12,695.77 | Value of debtors' principal residence remaining unencumbered after subtracting (2) and (4) | |

The above table demonstrates that the defendant's judgment lien of $8,159.73 does not impair the debtors' ability to claim an exemption of $10,800.00. Even after defendant's judgment lien is subtracted, the value of the debtors' principal residence exceeds the claimed exemption by $1,895.77.

The Court recognizes that the third mortgage in the amount of $9,289.35, recorded in 1981, is not reflected in the above table. That particular encumbrance is not at issue in this adversary proceeding. The Court does note that because the third mortgage is the most recent encumbrance recorded, it is last in priority. The following table includes the calculations to reflect the third mortgage:

| (5) | $12,695.77 | Value of debtors' principal residence remaining unencumbered after subtracting (2) and (4) | |
|---|---|---|---|
| (6) | $ 9,289.35 | Third mortgage | Recorded in 1981 |
| (7) | $ 3,406.42 | Value of debtors' principal residence remaining unencumbered after subtracting (2), (4) and (6) | |
| (8) | $10,800.00 | Debtors' exemption | |
| | ($ 7,393.58) | Value of debtors' principal residence becomes a negative figure after subtracting (8) | |

It would appear that it is the third mortgage which impairs the debtors' exemption. Again, as this issue does not arise within this adversary proceeding, no resolution is appropriate.

For the reasons stated above, this Court holds that defendant's judicial lien may not be avoided by the debtors in the instant situation because the defendant's lien does not trigger the operation of § 522(f)(1) in favor of the debtors, e.g., defendant's lien does not "impair" an exemption to which the debtors are entitled.