In re John E. CRAVEY, Gloria Ann Cravey, Debtors.

John E. CRAVEY, Gloria Ann Cravey, Movants,

v.

L'EGGS PRODUCTS, INC., A DIVISION OF HANES GROUP, Bounty Trading Corporation, Spar–Kell Industries, Inc., a division of Sheridan Designs, Answers By Riddles, Inc., David Brett Sales, Inc., Henry I. Siegel, Daisy of California, Natwest Commercial Services, Inc., Republic Factors Corporation and The Slavenburg Corporation, Respondents.

Bankruptcy No. 88–60253.

United States Bankruptcy Court,
S.D. Georgia,
Statesboro Division.

May 24, 1989.

R. Kenny Stone, Edenfield, Stone & Cox, Statesboro, Ga., for movants.

Shari L. Smith, Ackerman, Woodard & Butler, Augusta, Ga., for respondents.

## ORDER

JOHN S. DALIS, Bankruptcy Judge.

John E. Cravey and Gloria Ann Cravey (debtors) have filed a motion to avoid certain judicial liens held by the above referenced respondents contending that the judicial liens impair the exemptions to which these debtors are entitled under the Georgia exemption statute. *See* O.C.G.A. (Official Code of Georgia Annotated) § 44–13–100 et seq. Various judicial lien-holders have objected, and hearing was held. After consideration of the evidence presented, argument of counsel and briefs submitted after hearing, this court makes

the following findings of fact and conclusions of law:

The debtors' residence consists of a house and lot located at 1300 Brumette Street, Vidalia, Toombs County, Georgia and more particularly described as follows:

All that certain tract of land, situate, lying and being in the City of Vidalia, 51st G.M. District, Toombs County, Georgia, known as Lot Number Three (3) and the southern half of Lot Number Two (2) of Block "1" of the Godbee Layout, a subdivision of the said City of Vidalia, said tract fronting a distance of one hundred fifty (150) feet along the southeastern margin of the right-of-way of Brumette Street and extending back between parallel lines and an even width as front to the run of a branch, said tract being bound, now or formerly as follows: Northeast by the remainder of Lot # 2, property of Francis Godbee, for a distance of 181.8 feet; Southeast by lands of James A. Crockett (formerly lands of Mrs. Jack Meadows) for a distance of 151.47 feet, more or less, the run of a branch being the line; Southwest by Lot # 4, lands formerly of Mrs. Francis Godbee for a distance of 163.0 feet; and Northwest by the right-of-way of Brumette Street for a distance of 150.0 feet.

Said tract being more particularly shown upon a specific plat of survey thereof prepared by John E. Dykes, Surveyor, dated December 1, 1976, a copy of which is recorded in the Office of the Clerk of Superior Court of Toombs County, Georgia, in Plat Book 12, Page 400, such plat and the record thereof being by reference incorporated herein.

The fair market value of the property is Eighty–Five Thousand and No/100 ($85,-000.00) Dollars. The property is subject to a first in priority deed to secure debt from debtors, the holders of title at time of transfer, to Vidalia Federal Savings & Loan Association (Vidalia Federal) dated May 7, 1987, recorded in Deed Book 235, Pages 308–311, Toombs County, Georgia records. The outstanding indebtedness to Vidalia Federal is Eighty–Three Thousand Eight Hundred Ninety–One and 65/100 ($83,891.65) Dollars, as evidenced by the proof of claim filed by said creditor in this proceeding. The debtors have sought to claim an interest in said property as exempt pursuant to O.C.G.A. § 44–13–100(a)(1) and to avoid the judgment liens of respondents herein pursuant to 11 U.S.C. § 522(f)(1).

The judicial liens sought to be avoided are as follows:

| Plaintiff | | Date of Judgment | Amount of Judgment |
|---|---|---|---|
| a) | L'Eggs Products, Inc., Division Of Hanes Group | 04/09/87 | $1,066.33 |
| b) | Bounty Trading Corporation | 08/04/87 | 1,178.57 |
| c) | SPAR–Kell Industries, Inc., A Division of Sheridan Designs | 11/02/87 | 3,718.00 |
| d) | Answers by Riddles, Inc. | 02/11/88 | 1,558.23 |
| e) | David Brett Sales, Inc. | 03/01/88 | 5,565.57 |
| f) | Henry I. Siegel Company | 03/16/88 | 2,015.44 |
| g) | Daisy of California | 08/03/88 | 1,187.81 |
| h) | Natwest Commercial Services, Inc. | 08/04/88 | 1,226.01 |
| i) | Republic Factors Corporation | 08/08/88 | 3,969.52 |
| j) | The Slavenburg Corporation | 09/06/88 | 2,426.40 |

Respondents that have objected contend that the debtors lack an ownership interest in their residence and cannot claim an exemption in this property under the Georgia exemption statute. Therefore, the respondents contend the debtors cannot avoid the judicial liens.

The proof of claim filed by Vidalia Federal by exhibit incorporates a copy of the security deed from the debtors which contains the following language:

A–1 Grantor [debtors herein] for and in consideration of the sum of One and No/100 ($1.00) dollar and other valuable

considerations paid by Grantee [Vidalia Federal] to Grantor and receipt of which is acknowledged by Grantor, has and does hereby grant, sell and convey unto Grantee the following described property, herein called "the collateral", ...

A–2 Grantee to have and to hold the collateral, with all and singular the rights, members, and appurtenances thereto appertaining, in fee simple ...

B. This conveyance is to be construed as a deed passing title and not as a mortgage ...

■ Under 11 U.S.C. § 522(f)(1) a debtor is permitted to avoid a judicial lien to the extent that lien impairs an exemption to which the debtor would be entitled. Section 522(f)(1) provides in relevant part:

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an *interest* of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

1. a judicial lien ...

[emphasis added]

Pursuant to the authority granted by 11 U.S.C. § 522(b), Georgia has opted out of the federal scheme of exemptions, establishing a state created list of exemptions available to Georgia domiciled debtors. O.C.G.A. § 44–13–100(a) & (b). Accordingly, in order to determine whether a Georgia debtor may avoid a judicial lien by means of § 522(f)(1), the court must make a two-tiered analysis: first, it must determine whether the debtor is entitled to the claimed exemption under Georgia law, and second, whether the lien in fact impairs that exemption. *In re Register*, 37 B.R. 708 (Bankr.N.D.Ga.1983). The scope of exemptions available to Georgia debtors are set out in O.C.G.A. § 44–13–100(a) and the relevant portion applicable in this proceeding states:

(a) ... any debtor who is a natural person may exempt, pursuant to this article, for purposes of bankruptcy, the following property:

(1) The debtor's *aggregate interest*, not to exceed $5,000.00 in value, in real property or personal property that the debtor or a dependent of a debtor uses as a residence ...

[emphasis added]

■ First, the determination must be made that the debtor is entitled to this exemption. The objecting creditors contend that since the debtors have conveyed legal title to the property in question to Vidalia Federal, the debtors no longer have an ownership interest in the property, and the exemption under O.C.G.A. § 44–13–100(a)(1) is not available. However, the objecting creditors too narrowly define the term "interest" in § 522(f) and "aggregate interest" in the Georgia exemption statute. The Court of Appeals for the Eleventh Circuit has recognized that lien avoidance pursuant to § 522(f) is directly keyed to the availability of an exemption for the debtor. *In re Maddox*, 713 F.2d 1526 (11th Cir.1983). Since the State of Georgia has "opted out" of the Bankruptcy Code scheme of exemptions, state law determines whether the property interest in question may be claimed as exempt. The availability of the residence exemption of O.C.G.A. § 44–13–100(a)(1) is geared to the debtor's "aggregate interest" in the property. The Court of Appeals for the Eleventh Circuit has recognized that the definition of "aggregate interest" is a question of state law. *In re Hall*, 752 F.2d 582 (11th Cir.1985).

A security deed is required by statute in Georgia to be construed as an absolute conveyance passing title until payment of the secured indebtedness. O.C.G.A. § 44–14–60. However, the grantor of the security deed retains certain interest in the property conveyed. A security deed issued under the provisions of O.C.G.A. § 44–14–60 conveys legal title to the property to the grantee [Vidalia Federal] subject to being reconveyed to grantors upon payment of the debt obligation secured by the property. O.C.G.A. § 44–14–66. The grantor of the security deed, debtors in this instance, retain the right of possession and the right to reclaim legal title by payment of the debt, and consequently an equitable estate in the land which may be assigned or

subjected to payment of debt. *Citizens and Southern Bank v. Realty Savings and Trust Company*, 167 Ga. 170, 144 S.E. 893 (1928). In *Maddox*, 713 F.2d 1526, the circuit court adopted the district court's language concluding that a debtor's "interest" is not synonymous with a debtor's "equity", rejecting the notion that debtor's "interest" is simple equity. "The word 'interest' is a broad term encompassing many rights of a party, tangible, intangible, legal and equitable ..." *Maddox*, 713 F.2d at 1530. A debtor's aggregate interest in property is not limited to his equity, but also includes the right to possession, the equity of redemption and the right to create future equity by making mortgage payments. *In re Ricks*, 40 B.R. 507 (Bankr.D. C.D.C.1984). The first tier of the *Register* analysis is satisfied. The debtors do possess an interest in their residence which is exemptible under the Georgia exemption statute.

Regarding the second tier of the *Register* analysis, whether the lien in fact impairs that exemption, the objecting debtors in this case hold judicial liens established by virtue of their status as judgment lien creditors, and those liens attach to all property interests of the debtors. O.C.G. A. § 9–12–80. In the present case the objecting creditors are creditors of the debtors, holding a judgment lien against the debtors, not Vidalia Federal, which according to the plain language of the security deed and applicable Georgia statute holds legal title to the property in question. If the judicial liens attach to anything, they attach to the debtor's interest in the property which interest may be subjected to the payment of debt. *See Citizens and Southern Bank v. Realty Savings and Trust Company*, 167 Ga. 170, 144 S.E. 893 (1928). This interest upon which the lien attaches is the same "aggregate interest" referenced in O.C.G.A. § 44–13–100(a)(1) which is exemptible and the same "interest" referenced in 11 U.S.C. § 522(f), upon which the lien is avoidable.

The objecting creditors' contention that as these debtors lack title to the property in question, they have no property interest to exempt, and therefore cannot avoid the liens, is without merit. The lien which is based upon a judgment against the debtors attaches to the property interest of the debtor. If the debtors have no interest in the property, then the lien could not attach. If the debtors have no interest in the property, why would these creditors insist upon the validity and enforceability of a judicial lien which has not attached to any property?

As valid and enforceable judicial liens, the value to these objecting creditors lies in the future. Under Georgia law, a judicial lien is enforceable against property of a debtor for up to 21 years. *See* O.C.G.A. §§ 9–12–60—9–12–68 (dealing with dormancy and revival of judgments). Especially as it pertains to real property, over time real equity could and in all likelihood will be created. The debtors could hope to enjoy this future equity by making arrangements to pay over time all unavoided liens, Vidalia Federal. The debtors have determined by claiming an exemption for this property interest—the right of possession and the right to reclaim legal title upon payment of the Vidalia Federal debt—that this interest is necessary for their "fresh start". To allow these objecting creditors' pre-petition judicial liens to remain enforceable against this property defeats the entire purpose of the federal lien avoidance provisions—to provide property necessary for the debtor's fresh start exempt from further claims of pre-petition creditors.

The debtors have established their entitlement to the exemption of their aggregate interest in their residence and that the liens sought to be avoided in fact impair that exemption. The objection of creditors to the exemption and lien avoidance is overruled.

IT IS THEREFORE ORDERED that the judicial liens heretofore described are hereby cancelled pursuant to 11 U.S.C. § 522(f) and shall no longer constitute a lien or encumbrance against the real estate heretofore described, the same being the residence of the debtors.