United States Court of Appeals,

Eleventh Circuit.

No. 95-8215.

In re Linda Sue HOLLOWAY & Eldridge Hampton Holloway, Jr., Debtors.

Linda Sue Holloway, Eldridge Hampton Holloway, Jr., Plaintiffs-Appellants,

v.

JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, Defendant-Appellee,

Robert E. Brizendine, Trustee.

April 25, 1996.

Appeal from the United States District Court for the Northern District of Georgia. (1:94-CV-1220-ODE), Orinda D. Evans, Judge. (Bkcy. No. 91-82491-HR), Hugh Robinson, Jr., Judge.

Before TJOFLAT, Chief Judge, and RONEY and CAMPBELL[*], Senior Circuit Judges.

LEVIN H. CAMPBELL, Senior Circuit Judge:

Debtors-appellants Eldridge and Linda Holloway appeal from a judgment of the United States District Court for the Northern District of Georgia affirming a decision of the Bankruptcy Court for the Northern District of Georgia.

I.

In October of 1991, appellee John Hancock Mutual Insurance Company obtained a judgment against Eldridge Holloway in the State Court of Cobb County. The judgment became a lien on the Holloways' residence, located in Georgia, in the amount of $26,792.97. The Holloways filed a joint petition for bankruptcy in December of 1991.

---

[*]Honorable Levin H. Campbell, Senior U.S. Circuit Judge for the First Circuit, sitting by designation.

In the bankruptcy proceeding, the Holloways sought to avoid John Hancock's judgment lien on their real property. Unless a lien is avoidable and the debtor has taken timely steps to avoid it, the lien survives the discharge in bankruptcy.[1] Title 11 U.S.C. § 522(f) allows debtors to avoid the fixing of certain liens if the liens impair exemptions. An exemption is an interest of the debtor carved out of the bankruptcy estate for the benefit of the debtor and thereby shielded from creditors' claims. Section 522(f) provides:

> Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
>
> (1) a judicial lien.

11 U.S.C. § 522(f)(1) (1993). [2] The referenced subsection (b) exemptions include the federal bankruptcy exemptions enumerated in 11 U.S.C. § 522(d). Alternatively, however, § 522(b) allows states to opt out of these federal exemptions listed in § 522(d). States may write their own exemptions, in which case the only exemptions available to the debtor become those legislated by the opt-out state. Georgia has opted out of the § 522(d) exemptions and, pursuant to the invitation extended to the states in § 522(b), its

---

[1]A discharge in bankruptcy "voids any judgment ... to the extent that such judgment is a determination of the *personal liability* of the debtor." 11 U.S.C. § 524(a)(1) (emphasis added). However discharges in bankruptcy do not affect liability in rem. Thus, liens on property remain enforceable after discharge unless avoidable under the Bankruptcy Code.

[2]Section 522(f) was amended in 1994 by the Bankruptcy Reform Act, Pub.L. No. 103-394, 108 Stat. 4112, 4132, 4133, 4137, 4145 (Oct. 22, 1994), but the pre-1994 language, as cited in the text above, governs this dispute. *See infra* note 10.

legislature has enacted a list of exemptions available to Georgia domiciled debtors. *See* O.C.G.A. §§ 44-13-100(a) and (b). Georgia law allows a debtor to exempt from the bankruptcy estate his aggregate interest, not exceeding $5000 in value, in real or personal property used as a residence, and his aggregate interest, not exceeding $400 plus the unused amount of the homestead exemption, in other property.[3]

In order to exempt property under §§ 522(b) and (f), the debtor must file, in the bankruptcy proceeding, a list of the property that the debtor claims as exempt. 11 U.S.C. § 522(*l*). On January 22, 1992, the Holloways filed with the bankruptcy court an exemption schedule which provided, in part:

| Property | Exemption Provision | Value of Exemption |
|---|---|---|
| 1984 Honda | § 44-13-100(a)(1), (3), and (6) | $3000.00 |
| Checking Account | § 44-13-100(a)(1) and (6) | $1758.46 |

---

[3]The Georgia exemptions provide in relevant part:

> (a) In lieu of the exemption provided in Code Section 44-13-1, any debtor who is a natural person may exempt, pursuant to this article, for purposes of bankruptcy, the following property:
>
> (1) The debtor's aggregate interest, not to exceed $5,000.00 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence ...;
>
> (6) The debtor's aggregate interest, not to exceed $400.00 in value plus any unused amount of the exemption provided under paragraph (1) of this subsection, in any property.

O.C.G.A. §§ 44-13-100(a)(1), (6).

Cash and savings   § 44-13-100(a)(1) and (6)   $1324.00

Residence § 44-13-100(a)(1)   $   0.00

Assets from Business   § 44-13-100(a)(1) and (6) $5217.54

_____

The Holloways thus listed their home as exempt under the Georgia law but gave $0.00 as the value of the exemption. The exemption for their residence was not assigned any value because, as both parties concede, the Holloways personally retained no quantifiable equity in their home, their ownership being subject to a first security deed and note, a second security deed and note, and a tax lien from the Internal Revenue Service. These security interests exceeded, in total, the market value of the residence. The Holloways, listing the value of their homestead exemption as $0.00, proceeded to allocate their combined unused $10,000 homestead exemption to their personal property—their automobile, their cash and savings, their checking account, and their business assets—pursuant to O.C.G.A. § 44-13-100(a)(6).[4]

The Holloways filed a motion with the bankruptcy court to avoid John Hancock's judgment lien on their residence pursuant to

_____

[4]Under O.C.G.A. § 44-13-100(a)(3), the Holloways could each exempt up to $1000 of their interest in a motor vehicle. The Holloways exempted a total of $3000 of their Honda; thus, $2000 of the value of the Honda was exempted pursuant to 44-13-100(a)(3) and $1000 of the value of the Honda must have been exempted pursuant to § 44-13-100(a)(6). Therefore, the Holloways claimed exemptions under §§ 44-13-100(a)(1) and (6) for personal property of $9,300 ($1000.00 + $1758.46 + $1324.00 + $5217.54).

11 U.S.C. § 522(f)(1) (1993). John Hancock filed a response alleging that its lien in no way impaired "an exemption to which the debtor[s] would have been entitled" because the Holloways had no equity in their property and had listed no value in their homestead exemption.

On January 4, 1993, the bankruptcy court issued the following order granting the Holloways' motion for lien avoidance:

> After consideration of the argument of counsel for Movants and Respondents, this Court finds the judgment lien of Respondent John Hancock Mutual Insurance Company ... avoidable. The judgment lien of Respondent is therefore avoided upon the exempted personal property of the Debtors. The real property of the Debtors appears to have no equity over and above the preexisting first and second security deeds and tax lien to which the judgment of Respondent could attach; because the judgment did not attach to any real property pre-petition, there is no lien avoidance which must be had as to Debtors' real property and Respondent's judgment.

*Holloway v. John Hancock Mutual Ins. Co. (In re Holloway),* No. A91-82491-HR (Bankr.N.D.Ga. Dec. 31, 1992). Then on August 12, 1993, the bankruptcy court issued another order, partially vacating its earlier order:

> [T]he Judgment lien against the exempted personal property of the Debtors shall remain void. However, any reference in the January 4, 1993 Order of this Court regarding the avoidance of Respondent's Judgment against Debtors' real property or the validity of the Judgment itself is hereby rescinded, vacated, and set aside.

*Holloway v. John Hancock Mutual Ins. Co. (In re Holloway),* No. A91-82491-HR (Bankr.N.D.Ga. Aug. 12, 1993). On March 14, 1994, the bankruptcy court denied the Holloways' motion to alter or amend the August 12, 1993 order. The Holloways appealed to the district court.

The district court found that the bankruptcy court had denied lien avoidance as a matter of federal law, but affirmed the

bankruptcy court's judgment on what the district court described as independent state law grounds. The district court ruled that, by listing their residence as an exemption but giving $0.00 as the value of the exemption, the Holloways had acted in a contradictory manner that was insufficient to plead the exemption under Georgia law. Because § 522(f) only allows avoidance of liens that impair "an exemption to which the debtor would have been entitled," the district court found that John Hancock's lien could not be avoided. The Holloways now appeal from the judgment of the district court.

## II.

This court reviews de novo the district court's determination of law in a bankruptcy case. *See Wrenn v. American Cast Iron Pipe Co. (In re Wrenn),* 40 F.3d 1162, 1164 (11th Cir.1994). In deciding whether Georgia debtors may avoid a judicial lien pursuant to § 522(f), courts commonly determine, first, whether under Georgia state law the debtors are entitled to the exemption they claim and, second, whether the judicial lien would in fact impair the exemption as a matter of federal bankruptcy law. *Cravey v. L'Eggs Prods., Inc. (In re Cravey),* 100 B.R. 119, 121 (Bankr.S.D.Ga.1989); *Register v. Reese (In re Register),* 37 B.R. 708, 709 (Bankr.N.D.Ga.1983). Before reaching these questions, we first address the Holloways' claim that the case should be remanded because the bankruptcy court failed to state its findings of fact and conclusions of law.

A. Federal Rule of Civil Procedure 52

The bankruptcy court's order denying avoidance of John Hancock's judicial lien on the Holloways' residence contained no

express findings of fact and conclusions of law.  In the district court, and now on appeal, the Holloways argue that the case should be remanded to the bankruptcy court because of its purported disregard of Fed.R.Civ.P. 52, which requires courts to state their findings of fact specially and conclusions of law separately in certain circumstances.[5]  The district court found that the bankruptcy court's orders contained implicit factual findings concerning the Holloways' interest in their real property, and John Hancock's judgment lien on that real property, as well as "the implicit legal conclusion that Debtors could not prevail under § 522(f)."  *Holloway v. John Hancock Mutual Ins. Co. (In re Holloway),* No. 1:94-cv-1220-ODE (N.D.Ga. Jan. 20, 1995).  The relevant characteristics of the secured interests in the residential real estate are not in dispute.  The district court thus ruled that there was a sufficient basis for it to review the legal conclusions of the bankruptcy court.

We agree.  Even assuming for purposes of argument, although we need not decide, that Rule 52 applies, there are sufficient undisputed facts in the record for us to resolve the issues on appeal, which, being legal in nature, are subject to our de novo review.  *See Holtkamp v. Littlefield (In re Holtkamp),* 669 F.2d 505, 510 (7th Cir.1982) ("[I]t is not error to fail to make formal findings of fact or conclusions of law when the basis of the bankruptcy judge's decision is clear and, thus, reviewable ... or where there is no factual dispute.") (internal citations omitted).

---

[5]Bankruptcy courts must follow Rule 52 when conducting adversary proceedings.  Fed.R.Bankr.P. 7052.

*Cf. Federal Land Bank v. Cornelison (In re Cornelison),* 901 F.2d 1073, 1075 (11th Cir.1990) (remanding because the bankruptcy court's *factual* findings were unclear). While our legal analysis differs from that of the district court, it rests on a similar factual frame which is adequate for our purposes.

B. O.C.G.A. § 44-13-100(a)(1)

We turn first to the district court's ruling that the Holloways' claim of a homestead exemption failed under state law because of the lack of any value in their ownership interest in their residence.

John Hancock urges this court to hold that the Holloways' asserted homestead exemption of $0.00 was contradictory on its face, rendering their purported claim of exemption insufficient to plead the Georgia homestead exemption. It contends that zero equity in a residence can give a debtor no right to the exemption either legally or practically because exemptions apply only to a debtor's financial equity in property. According to John Hancock, the Holloways, lacking any residual monetary equity in their residence, could make no valid claim to the homestead exemption to support avoidance of John Hancock's judgment lien on the residence.

In response to John Hancock's argument, the Holloways argue that the Georgia statute allows a debtor to exempt (up to $5000) his "aggregate interest" in his residence, and this term is broad enough to include the debtor's possessory and other non-monetary rights in the residence apart from whatever financial equity, if any, the homeowner may yet retain. *See Maddox v. Southern Discount Co. (In re Maddox),* 713 F.2d 1526, 1530 (11th Cir.1983) ("The word

"interest' is a broad term encompassing many rights of a party, tangible, intangible, legal and equitable, and the court will not redefine the term to reach the result sought by the appellant."). The right to claim an exemption for an unvalued possessory interest can be critical since, once freed from the burden of debts by the bankruptcy proceeding, the homeowner may be able to meet the expenses of mortgages and other non-avoidable claims on the property. In such event, the debtor's ability to have established an exemption based on his possessory interest alone can be key to his ability under § 522(f) to ward off judgment liens that would otherwise prevent the "fresh start" that bankruptcy presumably affords. (It was this argument that persuaded Congress in 1994 to amend § 522(f) so as expressly to allow owners of fully-encumbered property to avoid judicial liens. *See supra* note 2 and *infra* note 10.)

The district court ruled that, under Georgia law, a debtor may *not* claim a valid exemption by listing a residence in which the debtor has no equity as an exemption with a value of $0.00. This is a close question. The Georgia Supreme Court has not passed on it, and barring certification, we are left to determine on our own how " "we believe a [Georgia] court would decide ...' " *Wammock v. Celotex Corp.,* 835 F.2d 818, 820 (11th Cir.1988) (citing *Green v. Amerada-Hess Corp.,* 612 F.2d 212, 214 (5th Cir.), *cert. denied,* 449 U.S. 952, 101 S.Ct. 356, 66 L.Ed.2d 216 (1980)).[6] The guidance

---

[6]Although we have discretion to certify controlling questions of Georgia law to the Georgia Supreme Court, Ga. Const. art. VI, § 6, para. 4; O.C.G.A. § 15-2-9; Ga.Sup.Ct.R. 37, we do not do so, in part because, regardless of the outcome of our state law inquiry, appellants cannot prevail under federal

found in the statutory language and in decisions of the lower courts of Georgia and of the federal courts construing Georgia law is limited.

The most relevant Georgia state court decision is that of the Georgia Court of Appeals, dealing with the homestead exemption. *Wallis v. Clerk, Superior Court of DeKalb County,* 166 Ga.App. 775, 305 S.E.2d 639 (1983). But *Wallis,* involving a different question, did not arise in the lien avoidance context of § 522(f). In *Wallis,* a debtor sued because he was denied any proceeds from his homestead exemption when his house was sold as part of a bankruptcy proceeding. The Georgia Court of Appeals ruled against the debtor, holding that his equity in the house had been eliminated by a secured mortgage that had a higher priority than did the debtor's homestead exemption. In so ruling, the court stated that,

> [a] bankrupt is entitled to claim a homestead exemption only from his "aggregate interest" in real property. This means that only the unencumbered portion of the property is to be counted in computing the value of the property for the purposes of determining the exemption. Appellant had no aggregate interest in the property against which to assert his claimed homestead exemption.

*Id.* 305 S.E.2d at 641 (internal quotation marks and citations omitted). While this language can be read as stating a broad principle contrary to the Holloways' position, it arose in a situation so different as to render its relevance doubtful. Unlike the debtor in *Wallis,* the Holloways are not seeking to place a monetary value on their homestead exemption, but instead are only asking that their admittedly valueless homestead exemption be

---

bankruptcy law, *see infra* Part II.C. The state law question is not, therefore, "controlling."

legally recognized as an exemption so that it may be claimed under § 522(f) for purposes of avoiding John Hancock's judicial lien.

Federal bankruptcy cases in Georgia have not followed *Wallis* when interpreting another Georgia exemption, the exemption for household goods.[7]  In *Maddox,* 713 F.2d at 1527-29, this court adopted the opinion of the bankruptcy court allowing a debtor to avoid a lien on household goods exempted pursuant to O.C.G.A. § 44-13-100(a)(4) even though the lien exceeded the value of the household goods and the debtors had no equitable interest in the goods.  The court held that a debtor need not have equity in household goods to claim an exemption under Georgia law for purposes of § 522(f) lien avoidance. *Id.;  see also Moyer v. Fleet Finance (In re Moyer),* 39 B.R. 211, 212-13 (Bankr.N.D.Ga.), *aff'd* 746 F.2d 814 (11th Cir.1984), *cert. denied,* 471 U.S. 1053, 105 S.Ct. 2113, 85 L.Ed.2d 478 (1985).  And in *Bland v. Finance One (In re Bland),* 793 F.2d 1172, 1174-75 (11th Cir.1986) (en banc), this court held that *Wallis* is irrelevant to claims under § 522(f), because *Wallis* involved a first-in-priority purchase money secured mortgage that could never be avoided under § 522(f).  Still, *Maddox, Moyer,* and *Bland* are not directly in point because the liens that encumbered the property were the very liens the debtors were trying to avoid pursuant to § 522(f), while in the present case, the Holloways' property is fully encumbered by unavoidable liens notwithstanding which they are seeking recognition of an exemption in order to avoid an additional judicial lien.

---

[7]Georgia law allows a debtor to exempt up to $3,500 of "[t]he debtors' interest" in household goods.  O.C.G.A. § 44-13-100(a)(4).

In a case perhaps closest to the present, a bankruptcy court in the Southern District of Georgia followed the reasoning of *Maddox, Moyer,* and *Bland,* rather than *Wallis,* and found that a debtor can avoid a judicial lien on a residence that is fully encumbered by another unavoidable security interest. In *Cravey v. L'Eggs Prods., Inc. (In re Cravey),* 100 B.R. 119 (Bankr.S.D.Ga.1989), the debtors' residence had a fair market value of $85,000 but was subject to a deed to secure debt with outstanding indebtedness of $83,891.65. As part of the bankruptcy proceedings, the debtors conveyed legal title to their residence to the secured creditor and, in addition, sought to claim a homestead exemption under Georgia law so as to avoid the judgment liens of other unsecured creditors pursuant to § 522(f). The judgment lienholders contended that the debtors could not claim an exemption under Georgia law because they no longer possessed an ownership interest in their residence. The court found that although the debtors had transferred the security deed and therefore legal title to the secured creditor, the debtors still retained the right of possession and the right to reclaim legal title by payment of the debt. This equitable estate in the land was held to satisfy the Georgia law requirement of an "aggregate interest" in property. The court held that the "debtors do possess an interest in their residence which is exemptible under the Georgia exemption statute." *Id.* at 122.

In light of the above caselaw, we cannot say that, as the district court believed, the Georgia courts would necessarily refuse to recognize the Holloways' claim of exemption. Still, the

answer is not free from doubt, and in light of our disposition of the federal bankruptcy issue, *infra* Part II.C, we think it unnecessary to decide whether under Georgia law an equitable interest without any monetary value forms a sufficient basis upon which to claim a valid exemption. Instead, we shall assume, without deciding, that the Holloways' claim of exemption in their residence was valid under Georgia state law, and proceed next to decide whether, as a matter of federal bankruptcy law, a lien can be avoided under § 522(f) when, notwithstanding such a valid claim of exemption, the debtor entirely lacks any financial equity in the property claimed as exempt.

C. 11 U.S.C. § 522(f)(1)

Section 522(f) allows a debtor to avoid the fixing of a lien "on an interest of the debtor in property to the extent that such lien impairs an exemption." 11 U.S.C. § 522(f) (1993). John Hancock argues that, according to the plain language of the statute, a "lien impairs an exemption" only to the extent that the lien sought to be avoided reduces the value of the debtor's claimed exemption. Thus, it argues, a lien cannot be avoided over and above the amount of the exemption. The Holloways argue that a lien impairs an exemption to the extent that there is no remaining equity, above and beyond the sum of the unavoidable claims on the property and the claimed exemption, upon which the lien can fix.

The outcome of this dispute turns on the interpretation of the "impairs an exemption" language of § 522(f), [8] and courts have

[8]We are dealing with the version of § 522(f) effective before the 1994 Bankruptcy Reform Act. The 1994 amendments to the Bankruptcy Code clarified the meaning of the phrase "impairs

disagreed over what constitutes impairment of an exemption as well as to what extent a lien may be avoided when an exemption is impaired. *See e.g., In re Thomsen,* 181 B.R. 1013, 1014-15 (Bankr.M.D.Ga.1995). When a debtor's equity in the exempt property is zero because the property is fully encumbered by senior secured unavoidable debts, some courts have held that there is no exemption having any quantifiable value to impair, hence no impairment of an exemption. *See e.g., Riddell v. N.C.R. Universal Credit Union (In re Riddell),* 96 B.R. 816, 818 (Bankr.S.D.Ohio 1989). These cases follow the "plain language" of the statute and hold that § 522(f) permits avoidance of a judicial lien only in the amount of the debtor's exemption. They reason that § 522(f) expressly permits lien avoidance only "to the extent" that the lien impairs an exemption. The effect of this position is that the unavoided portion of the lien survives bankruptcy and attaches to any equity that accumulates post-petition.[9] Another line of cases holds that liens are fully avoidable even if there is no equity above and beyond unavoidable liens and claimed exemptions upon which the liens can attach. *See e.g., In re Magosin,* 75 B.R. 545, 549-50 (Bankr.E.D.Pa.1987). These cases reason that the entire judicial lien above the amount of debtor's equity in the property must be avoided to enable the debtor to obtain a "fresh start." This position requires the court to recognize that a debtor's interest in property is not limited to his equity but also includes

an exemption." *See supra* note 2 and *infra* note 10.

[9]Under Georgia law, a judicial lien is enforceable against property of a debtor for up to 21 years. *See* O.C.G.A. §§ 9-12-60—9-12-68.

equitable interests such as the right of possession, the right of redemption and the right to create future equity. Under this broad interpretation, impairment is said to be construed in a manner more consistent with the fresh start purpose of the Bankruptcy Code because the debtor is entitled to any post-petition appreciation or build-up of equity in the property. *See e.g., Cravey,* 100 B.R. at 122. Given these two opposite constructions of § 522(f), courts facing the issue before the 1994 Bankruptcy Reform Act were left to decide between the plain language of § 522(f) and the "fresh start" objectives of the Bankruptcy Code.

For present purposes, this court's position in the debate is pre-ordained by a prior decision of this court, to which we must now adhere under principles of stare decisis. In interpreting § 522(f), this court sided with the "plain language" position. In *Wrenn v. American Cast Iron Pipe Co. (In re Wrenn),* 40 F.3d 1162, 1166 (11th Cir.1994), we held that § 522(f) allowed a judgment lien to be avoided to the extent of the Alabama homestead exemption, but refused to allow the debtor to avoid the entire lien. The *Wrenn* court, relying on *City Nat'l Bank v. Chabot (In re Chabot),* 992 F.2d 891 (9th Cir.1993), reasoned that the plain meaning of § 522(f) limits lien avoidance to the extent that such liens interfere with the available exemptions as measured by the dollar amount of the exemption claim. Thus, "§ 522(f) entitles [the debtor] to avoid [the judgment] lien only to the extent of the ... homestead exemption" irrespective of the debtor's equity interest in the property. *Wrenn,* 40 F.3d at 1166-67. Applying *Wrenn* to the case before us, the Holloways can avoid John Hancock's lien on

their residence only to the extent of their homestead exemption. Because the Holloways' claimed exemption was worth $0.00, they are not entitled to any lien avoidance.

The Holloways contend that the Bankruptcy Reform Act of 1994 effectively overrules *Wrenn,* and that a judgment lien can be avoided to the extent that it impairs an exemption *or* exceeds the amount of equity in the property. *See Thomsen,* 181 B.R. at 1016-1017 (holding that the Bankruptcy Reform Act effectively overruled *Wrenn*). Although the 1994 amendments to the Bankruptcy Code did, in effect, overrule *Wrenn* prospectively,[10] the Bankruptcy Reform Act

---

[10]The interpretation of § 522(f) offered by debtors—that judicial liens can be avoided even if property is fully encumbered—has now been written into the federal law by virtue of an explicit formula. The Bankruptcy Reform Act of 1994 amended § 522(f) by adding the following language defining the term "impairment":

> (2)(A) For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of—
>
> (i) the lien;
>
> (ii) all other liens on the property;  and
>
> (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
>
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.

11 U.S.C. § 522(f)(2) (as added by the Bankruptcy Reform Act of 1994, Pub.L. No. 103-394, 108 Stat. 4112, 4132, 4133, 4137, 4145 (Oct. 22, 1994)).  In the section-by-section analysis of the Bankruptcy Reform Act, the amendments to § 522(f) were explained as follows:

> Because the Bankruptcy Code does not currently define the meaning of the words "impair an exemption" in section 522(f), several court decisions have, in recent years, reached results that were not intended by Congress when it drafted the Code.  This amendment would provide a simply arithmetic test to determine

stated, with several exceptions not relevant here, that "the amendments made by this Act shall not apply with respect to cases commenced under title 11 of the United States Code before the date of the enactment of this Act [Oct. 22, 1994], and shall not make appealable any decisions rendered in such cases." Bankruptcy Reform Act of 1994, Pub.L. No. 103-394, 108 Stat. 4112, 4132, 4133, 4137, 4145 (Oct. 22, 1994); *see also* H.R.Rep. No. 835, 103rd Cong., 2nd Sess. (Oct. 4, 1994), *reprinted in* 1994 U.S.C.C.A.N. 3340. The Holloways' bankruptcy proceeding, brought under Title 11, commenced well before 1994, hence they cannot avail themselves of the 1994 amendments. Unfortunately for them, *Wrenn* states the controlling law during the relevant period.

### III.

We hold that the Holloways' claimed homestead exemption,

---

whether a lien impairs an exemption....

 The decisions that would be overruled involve several scenarios. The first is where the debtor has no equity in a property over and above a lien senior to the judicial lien the debtor is attempting to avoid, as in the case, for example, of a debtor with a home worth $40,000 and a $40,000 mortgage. Most courts and commentators had understood that in that situation the debtor is entitled to exempt his or her residual interests, such as a possessory interest in the property, and avoid a judicial lien or other lien of a type subject to avoidance, in any amount, that attaches to that interest. Otherwise, the creditor would retain the lien after bankruptcy and could threaten to deprive the debtor of the exemption Congress meant to protect, by executing on the lien. Unfortunately, a minority of court decisions, such as *In re Gonzalez,* 149 B.R. 9 (Bankr.D.Mass.1993), have interpreted section 522(f) as not permitting avoidance of liens in this situation. The formula in the section would make clear that the liens are avoidable.

H.R.Rep. No. 835, 103rd Cong., 2nd Sess. (Oct. 4, 1994), *reprinted in* 1994 U.S.C.C.A.N. 3340.

assumed *arguendo* to be valid under Georgia law, was not impaired by John Hancock's judicial lien, as required by 11 U.S.C. § 522(f) (1993).  We thus AFFIRM the decision of the district court that John Hancock's lien on the Holloways' residence cannot be avoided.