**In re Daniel F. GROVE and Cindy L. Grove, Debtors.**

**BANKERS TRUST COMPANY OF CALIFORNIA, N.A., Movant,**

v.

**Daniel F. GROVE, Cindy L. Grove and Gary J. Gaertner, Trustee, Respondents.**

Bankruptcy No. 97–20302–JKF.
Motion No. LPH–1.

United States Bankruptcy Court,
W.D. Pennsylvania.

May 28, 1997.

Sherry D. Lowe, Pittsburgh, PA, for Debtors.

Leon P. Haller, Harrisburg, for Bankers Trust Company of California, N.A.

## MEMORANDUM OPINION [1]

JUDITH K. FITZGERALD, Bankruptcy Judge.

The matter before the court is the motion for relief from the automatic stay filed on behalf of Bankers Trust Company of California, N.A., the holders of an installment land contract with Debtors, Daniel and Cindy Grove. Bankers Trust is the assignee of an installment land sale contract between Debtors and First Federal Savings and Loan Association of Pittsburgh.[2] Under the installment land sale contract Debtors were required to pay $29,000 at ten percent annual interest, amortized over 30 years, but payable as follows: an initial payment of $3,000; sixty subsequent monthly payments from February 1, 1988, to January 1, 1993, of $228.17 each; and a balloon payment of the outstanding balance. Debtors failed to make some of the sixty monthly payments as well as the balloon payment. Bankers Trust commenced an ejectment action in February of 1995. *See* Exhibit F to Motion to Obtain Relief from Stay filed on behalf of Bankers Trust, Bankruptcy No. 97–20302 JKF, Docket Entry 11, Memorandum Opinion at Civil Division Docket No. 10289 of 1995, Court of Common Pleas of Beaver County, Pennsylvania, (hereafter "Exhibit F, Motion to Obtain Relief from Stay"). On October 31, 1996, the Court of Common Pleas of Beaver County granted Bankers Trust's motion for summary judgment on the complaint in ejectment and entered a judgment for possession in its favor. Debtors filed an appeal and their motion for stay pending appeal was granted.[3] The Superior Court of Pennsylvania dismissed the appeal by order dated February 12, 1997, based on the filing of this bankruptcy case and the automatic stay. The dismissal was without prejudice to reinstatement of the appeal once the bankruptcy proceedings conclude. See Per Curiam Order of February 12, 1997, *In re Bankers Trust v. Daniel Grove*, No. 2307 Pittsburgh 1996, The Superior Court of Pennsylvania, attached to Movant's Brief in Support of Objections to Chapter 13 Plan and Relief from Stay Motion, Bankruptcy No. 97–20302 JKF, Docket Entry 18. Debtors have remained in possession of the premises. Bankers Trust contends that it is entitled to relief from stay because (1) all Debtors' rights in the property terminated prepetition and (2) Debtors have no right to cure. Bankers Trust admits that the property is worth more than it is owed.

The parties have stipulated to the material facts and briefed their positions. This Memorandum Opinion and Order constitute the court's findings of fact and conclusions of law. The issues before the court are (1) whether Debtors retain an interest in the property or whether their interest was terminated prepetition and, (2) if Debtors retain an interest, whether the default can be cured and the debt paid through a chapter 13 plan.

### Discussion

In *In re Fox*, 83 B.R. 290, 298 (Bankr. E.D.Pa.1988), the Bankruptcy Court for the Eastern District of Pennsylvania decided that the debtor could choose whether to treat an installment land sales contract as a security device or as an executory contract. Although the Pennsylvania Installment Land Contract Law, 68 P.S. § 901, et seq., refers to the "executory" nature of contracts within its purview, 68 P.S. §§ 902, 903, such contracts are hybrids. *In re Fox*, 83 B.R. at 297–98. In *Anderson Contracting Co. v. Daugherty*, 274 Pa.Super. 13, 417 A.2d 1227 (1979), *appeal dismissed* 492 Pa. 630, 425 A.2d 329 (1980),the Pennsylvania Superior Court decided that a residential installment

---

1. The court's jurisdiction is not at issue.

2. On August 3, 1994, the Resolution Trust Corporation, as receiver for the initial mortgagee, First Federal Savings and Loan Association, assigned the installment land sale contract and the deed to GMAC Mortgage Corporation of Iowa which is the servicing agent for Bankers Trust. Exhibit F to Motion to Obtain Relief from Stay.

3. The Court of Common Pleas also ordered Debtors to make payments of $350 per month during the pendency of the appeal. Debtors made no payments; instead, they filed this chapter 13 case before the first payment was due.

land contract was a "security document" for purposes of Act 6, 41 P.S. § 101, et seq., and "should not be denied treatment as a 'residential mortgage' ". 417 A.2d at 1232. *Cf. In re Gochenaur*, 1995 WL 465332 (Bankr. M.D.Pa., May 19, 1993) (1–91–00147) (installment land sale contracts constitute security agreements)

■ Debtors have remained in possession of the property. This fact is relevant to whether Debtors retain any interest in the property. In *In re Atlantic Business and Community Corporation*, 901 F.2d 325 (3d Cir.1990), the Court of Appeals for the Third Circuit held that the possessory interest of a tenant-at-sufferance was "sufficient to invoke the protections of the automatic stay" and that mere possession created a property interest. 901 F.2d at 328. In the case at bar, Debtors' possessory interest is entitled to the same protection. Notwithstanding the judgment for possession entered in favor of Bankers Trust, Debtors' possessory interest was not terminated prepetition because the property was not sold at foreclosure. Debtors remained in possession as of the bankruptcy filing date and Bankers Trust was precluded from obtaining possession, first by virtue of the state court order of stay pending appeal and second by the automatic stay.[4] Pursuant to *Atlantic Business, supra,* Debtors' possessory interest is sufficient for denial of relief from stay pending further proceedings in this case.

■ Under Pennsylvania law, installment land sale contracts are to be treated as mortgages for purposes of foreclosure and execution. *See Anderson Contracting Co., supra.* Defaults under a mortgage can be

cured and the contract reinstated. *See In re Rowe*, 110 B.R. 712, 724 (Bankr.E.D.Pa.1990) (cure of installment land sale contract obligation matured prepetition can be made through a chapter 13 plan). *See also In re Escue*, 184 B.R. 287, 293 (Bankr.M.D.Tenn. 1995) (§ 1322(c)(2) enables debtor to cure defaults on mortgages with prepetition balloon payment dates and make full payment over the life of the chapter 13 plan). *Cf. In re Stendardo*, 991 F.2d 1089, 1097–98 (3d Cir.1993) (debtor can cure a mortgage after judgment to the extent state law permits; in Pennsylvania right to cure expires when the property is sold). In *In re Rowe*, 110 B.R. 712, 724 (Bankr.W.D.Pa.1990), the bankruptcy court reviewed the question of whether a chapter 13 plan can be used to liquidate an obligation that matured prepetition. 110 B.R. at 723. The court noted that the Court of Appeals for the Third Circuit concluded in *In re Roach*, 824 F.2d 1370 (3d Cir.1987), that a cure of an obligation is not a modification and, therefore, § 1322(b)(2) prohibiting modification of the rights of holders of secured claims whose security is restricted to the debtor's principal residence does not preclude confirmation of a plan that will cure the default.

Moreover, we note that § 1322(b)(5) permits a debtor to cure a default and resume payments if the last payment on the obligation is due after the date the final plan payment is due. This section does not negate a debtor's ability to cure a default on an obligation that matured prepetition, however. *In re Rowe*, 110 B.R. at 724. Furthermore, the 1994 amendments to the Bankruptcy Code added § 1322(c).[5] That section provides:

4. The opinion of the Court of Common Pleas makes reference to Bankers Trust's "legal possession of the subject property". Exhibit F, Motion to Obtain Relief from Stay at 8. This phrase is not explained but we take it to be in reference to the court's judgment for possession. This is not dispositive for purposes of the Bankruptcy Code, however, because estate property includes all interests of a debtor. 11 U.S.C. § 541.

5. The amendments were made applicable to all cases filed after the effective date which was October 22, 1994. *See* Bankruptcy Reform Act

of 1994, Pub.L. No. 103–394, 108 Stat. 4112, 4132, 4133, 4137, 4145 (Oct. 22, 1994); see also H.R.Rep. No. 835, 103rd Cong., 2nd Sess. (Oct. 4, 1994), reprinted in 1994 U.S.C.C.A.N. 3340 ("the amendments made by this Act shall not apply with respect to cases commenced under title 11 of the United States Code before the date of the enactment of this Act [Oct. 22, 1994], and shall not make appealable any decisions rendered in such cases") (quoted in *In re Holloway*, 81 F.3d, 1062, 1070 (11th Cir.1996)).

Notwithstanding subsection (b)(2) and applicable nonbankruptcy law—

(1) a default with respect to, or that gave rise to, a lien on the debtor's principal residence may be cured under paragraph (3) or (5) of subsection (b) until such residence is sold at a foreclosure sale that is conducted in accordance with applicable nonbankruptcy law.... [6]

11 U.S.C. § 1322(c). Under Pennsylvania law, vendors of land through installment contracts have been held to have an equitable lien on the property for purposes of foreclosure law. In *Anderson Contracting Co., supra,* the court stated:

[a]n express executory written contract sufficiently indicating an intention to make some particular property or fund therein identified as security for a debt or other obligation creates an equitable lien on the property so indicated which is enforceable against the property.... (Citation omitted.) 22 P.L.E., *Liens* § 3 at 376–77.

417 A.2d at 1231. Whether the plan provisions are in accord with § 1322 is an issue for plan confirmation and will not be addressed here. Suffice it to say that Debtors' obligation under the land installment sale contract can be cured and paid through the plan.

---

**6.** Subsection (b)(3) states that the plan may "pro-     vide for the curing or waiving of any default".