[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Aug. 25, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-11064
Non-Argument Calendar

_____

U.S. Tax Court No. 19535-05L

RICHARD P. CONSOLE, SR.,

Petitioner-Appellant,

versus

COMMISSIONER OF INTERNAL REVENUE,

Respondent-Appellee.

_____

Petition for Review of a Decision of the
United States Tax Court

_____

**(August 25, 2008)**

Before BIRCH, DUBINA and KRAVITCH, Circuit Judges.

PER CURIAM:

Richard Console appeals *pro se* the Tax Court's grant of summary judgment against him in this challenge to a collection due process determination. We affirm.

The IRS has assessed deficiencies against Console for tax years 1986 through 1989, and for tax year 2001. Console was a partner at a law firm; he used the firm's account to pay personal expenses but did not report the funds as income. He was indicted and pled guilty to tax fraud for tax year 1986. The Internal Revenue Service assessed deficiencies against Console for 1986 through 1989. Console's tax liabilities for this period were the subject of a prior Tax Court proceeding. The prior Tax Court decision, issued in September 2001, upheld those assessments, and determined, inter alia, that Console's returns for tax years 1986 through 1989 were fraudulent. As of November 2005, the balance of these assessments (with penalties and interest) exceeds $1.4 million. In 2004, the IRS also assessed a deficiency against Console for tax year 2001. The outstanding balance for that year, inclusive of penalties and interest, is about $1500.

In January 2005, the IRS filed notices of federal tax liens, notified Console that it had done so, and notified Console that it intended to levy on his property. There is no dispute that Console received notices of the deficiencies, notices of the liens, and the notice of intent to levy. Console then requested a collection due process (CDP) hearing. By statute, a CDP hearing may not inquire into the

validity of the underlying tax liability unless the taxpayer did not receive "any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such liability." 26 U.S.C. § 6330(c)(2)(B). The IRS officer assigned to the CDP hearing scheduled the hearing by telephone, and sent Console notice of the issues he was entitled to raise. Console did not respond to any correspondence, did not otherwise contact the CDP officer, and did not participate in the CDP hearing. Accordingly, the IRS's Office of Appeals sustained the notices of tax liens and the proposed levy, noting that Console had an adequate opportunity to contest the underlying tax liability. It rejected Console's earlier argument that the statute of limitations had expired on the 1986-1989 liabilities.

Console then petitioned the Tax Court for review of the CDP determination. Console argued that his amended returns for tax years 1991 through 1995 reflected substantial loss carrybacks which eliminated his liabilities for 1986 through 1989 and entitled him to a refund. He also claimed mathematical error in the calculation of his 2001 tax liability. The IRS responded (i) that the underlying liabilities for 1986-1989 were established by the 2001 Tax Court decision and could not be reexamined, and (ii) that Console failed to timely contest his 2001 liability and because he had received adequate notice of deficiency, he was precluded from contesting the liability in the CDP hearing. On November 8, 2006, Console filed a

3

letter with the Tax Court which stated that he "no longer contest[ed] the determination of the CDP hearing." Console then filed for bankruptcy, so the Tax Court stayed further proceedings. Once Console received his discharge in bankruptcy, the IRS asserted in the Tax Court that Console's tax liabilities were not dischargeable in bankruptcy. Console responded that his liabilities were discharged because the IRS did not object to his discharge in the bankruptcy court. By Order dated November 21, 2007, the Tax Court granted summary judgment to the IRS, holding (i) that Console had abandoned all his arguments except discharge in bankruptcy, (ii) that the 1986-1989 tax liabilities were not dischargeable in bankruptcy and that the IRS did not have to object in the bankruptcy court, and (iii) that the federal tax lien arising from the 2001 tax liability was undisturbed by the bankruptcy discharge. This appeal followed.

We have no difficulty in affirming the tax court. Console abandoned all his arguments before the Tax Court except discharge in bankruptcy. Even if Console had not abandoned his arguments about his 1986-1989 tax liabilities, those arguments clearly fail on the merits. A taxpayer may contest the underlying tax deficiency at a CDP hearing only if he did not receive notices of deficiency or a prior opportunity to contest the deficiency. 26 U.S.C. § 6330(c)(2)(B). Console had both. Console's 1986-1989 tax liabilities were fully litigated in the prior Tax

4

Court proceeding. And there is no dispute of fact about whether Console received all his notices of deficiency, including that for tax year 2001. Console therefore cannot relitigate the amount of his tax deficiencies in this CDP appeal.

Console's argument that his tax liabilities were discharged in bankruptcy is equally meritless. The prior Tax Court case determined that Console's 1986-1989 returns were fraudulent, and a tax debt may not be discharged in bankruptcy if "the debtor made a fraudulent return." 11 U.S.C. § 523(a)(1)(C); see also 11 U.S.C. § 727(b) (no discharge for debts excepted under § 523). Contrary to Console's argument, the IRS did not have to object to his discharge to preserve its rights as to the 1986-1989 liabilities. The Bankruptcy Code clearly specifies that certain types of creditors must appear in the bankruptcy court and be specifically adjudicated by that court to be entitled to an exception from discharge. See 11 U.S.C. § 523(c)(1). The exception for tax fraud, § 523(a)(1)(C), is not among those listed in § 523(c). Hence, the IRS need not appear and object in the bankruptcy court to be excepted from the discharge under § 523(a)(1)(C). Instead, the IRS may wait until the bankruptcy discharge is invoked as a defense to its collection efforts, and then prove a factual basis for the tax fraud exception in the collection proceedings, as it has done here.

Nor does the discharge in bankruptcy affect Console's 2001 tax liabilities.

5

Those liabilities are excepted from discharge by 11 U.S.C. 523(a)(1)(A), which cross-references 11 U.S.C. § 507(a)(8). The effect of these provisions is to protect from discharge, inter alia, income tax liabilities for which a return was due in the three years before the bankruptcy petition was filed.[1] Console's bankruptcy petition was filed October 11, 2006, and his 2001 income tax return was due October 15, 2002, outside the three year period.[2] But "an otherwise applicable time period" under § 507(a)(8) is "suspended" for periods in which "a governmental unit is prohibited under applicable non-bankruptcy law from collecting a tax as a result of a request by the debtor for a hearing and an appeal of any collection action taken or proposed against the debtor, plus ninety days... ." 11 U.S.C. § 507(a)(8) (flush paragraph). This provision operates to bring Console's 2001 return within the exception to discharge in §§ 523(a)(1)(A) and 507(a)(8)(A)(i). Console's request for a CDP hearing was submitted February 14, 2005. A CDP hearing request prohibits the IRS from collecting tax by levy from the time the request is filed until appeals from the hearing are resolved, 26 U.S.C. § 6330(e), and is therefore a tolling event under 11 U.S.C. § 507(a)(8)'s flush

---

[1] The precise statutory language is "for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition." 11 U.S.C. § 507(a)(8)(A)(i).

[2] The record reflects that Console received two extensions of his time to file a return. His 2001 return was due October 15, 2002. That return was received October 22, 2002.

6

paragraph. Thus, the three year period of 11 U.S.C. § 507(a)(8)(A)(i) has been suspended since February 14, 2005. And because February 14, 2005 is less than three years after Console's 2001 return was due, Console's 2001 tax liability is non-dischargeable under 11 U.S.C. §§ 523(a)(1)(A) and 507(a)(8).

The federal tax liens against Console also pass through bankruptcy unaffected. A federal tax lien generally arises when the amount of an unpaid tax is assessed, 26 U.S.C. § 6322, but a tax lien is not perfected against most third parties until notice is filed. 26 U.S.C. § 6323(a). Here, the notices of federal tax liens were filed before Console's bankruptcy petition. Perfected liens ride through bankruptcy unaffected unless, as is not the case here, they are avoided in bankruptcy. See, e.g, In Re Holloway, 81 F.3d 1062, 1063 n.1 (11th Cir. 1996).

In short, Console's bankruptcy proceeding neither discharged his tax debts nor released the federal tax liens against him. And Console makes no argument that the CDP process itself was deficient. Accordingly, the judgment of the Tax Court is

**AFFIRMED**.